IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MARK E. GESSNER,                :

    Plaintiff,              :       Case No. 3:11cv00286

vs.                             :       District Judge Thomas M. Rose
                                      Chief Magistrate Judge Sharon L. Ovington

JOHN S. HOWARD, et al.,         :

    Defendants.             :

---

# DECISION AND ENTRY

---

## I. Introduction

Plaintiff Mark E. Gessner, a resident of Dayton, Ohio, brings this case *pro se* under 42 U.S.C. §1983. He alleges that he was on his front porch on August 12, 2009 until police officers pulled him away from his front door and arrested him. He further alleges that the officers forced him to lie face down onto his front lawn, held him by his neck, and beat him in the back of his head with their bare knuckles. He was later charged with three state criminal violations and a violation of a local ordinance.

Gessner claims that the police officers arrested him without probable cause and used excessive force to effect his arrest in violation of his rights under the United States Constitution and the Ohio Constitution. Defendants are five police officers employed by the City of Dayton, Ohio as well as the City of Dayton.

The case is presently before the Court upon Gessner's Motion to Compel (Doc. #22), Defendants' Response in Opposition (Doc. #23), Gessner's Reply to Defendants' Response to Motion (Doc. #24), and the record as a whole.

## II. Discussion

Gessner seeks an Order compelling Defendants to produce and provide electronically stored information in the their control, usage, and possession.  He explains that the specific document or record he asks for "is a picture of the Plaintiff's mug shot with text printed on it. The electronically stored document is discoverable." (Doc. #22, PageID at 221).  He further states that he saw this mug shot with text stating, "Be aware hates all police officers." (Doc. #24, PageID at 128).  He saw this on May 14, 2004 when he was stopped and ordered to sit in the back of a police car for a minor traffic infraction.  He explains that the mug shot and text appeared on the onboard police squad car computer terminal or "KDT." *Id.*

Defendants' counsel responds, "Defendants have conferred with their Information Technology Department and confirmed that the Dayton Police Cruiser KTDs did not have such a capability in 2004 and that the specific requested document does not exist." (Doc. #23, PageID at 125).

Gessner contends that production of the mugshot at issue is warranted under Fed. R. Civ. P. 26(a)(1)(A), which states, "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: ... (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party

2

has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]" This Rule's plain meaning places the duty on a party to disclose documents: (1) "that the disclosing party has in its possession, custody, or control"; and (2) that the disclosing party "may use to support its claims or defenses, unless the use would be solely for impeachment...." Additionally, Rule 26(b)(1) generally permits discovery of "nonprivileged matter that is relevant to any parties' claim or defense ...."

     Gessner contends that the mugshot in question is discoverable and that the Defendants had it in their possession or control on the night of May 14, 2004 and should have had possession or control of it on the night of his arrest on August 12, 2009 as well. However, the pertinent inquiry is not whether Defendants <u>were</u> in the possession, custody, or control of the mugshot or whether they should have had possession, custody, or control of it on the date of the incident. Plaintiff is entitled to an Order compelling disclosure of the mugshot only if it is, in fact, in Defendants' present possession, custody, or control of the document. "[C]ourts have recognized that documents that do not exist are not in the 'possession, custody, or control' of a party." *Nance v. Wayne County*, 264 F.R.D. 331, 338 (M.D. Tenn. 2009)(interpreting decision of *Dunn v. TWA, Inc.*, 589 F.2d 408, 415 (9th Cir. 1978); *Steil v. Humana Kansas City, Inc.*, 197 F.R.D. 445, 448 (D. Kan. 2000)). Even "documents that are lost or missing are no more in the 'possession, custody, or control' of a party than are documents that are nonexistent." *Id*. "The Court cannot compel defendant to produce what does not exist." *Judy v. Pingue*, 2009 WL 2365440 at *1 (S.D. Ohio 2009)

3

(Abel, M.J.).  Because Defendants have confirmed with their Information Technology Department that the mugshot Gessner seeks is not in their possession, and because no other circumstance indicates that the mugshot is otherwise still in existence, Gessner is not entitled to an Order compelling its disclosure.

      Accordingly, Plaintiff's Motion to Compel (Doc. #22) is DENIED.


February 15, 2013

                                          s/Sharon L. Ovington
                                          Sharon L. Ovington
                                  Chief United States Magistrate Judge