# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARK E. GESSNER, | **:** | |
| Plaintiff, | **:** | Case No. 3:11cv00286 |
| vs. | **:** | District Judge Thomas M. Rose<br>Chief Magistrate Judge Sharon L. Ovington |
| JOHN S. HOWARD, et al., | **:** | |
| Defendants. | **:** | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Mark E. Gessner proceeded *in forma pauperis* and *pro se* throughout this case in this Court.

The parties completed discovery and, after summary-judgment rulings, the case was ready for trial. Trial was set to begin on May 20, 2013.

On or around the date of the final pretrial conference (May 9, 2013), Plaintiff made last-minute requests for an extension of the trial date and for appointment of counsel. On May 21, 2013, the Court granted Plaintiff an extension of the trial date, declined to appoint counsel to represent him, and provided him with approximately one month to acquire counsel. The Court also informed Plaintiff about the Dayton Volunteer Lawyers

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Project and provided him with contact information.

The deadline for Plaintiff to obtain counsel came and went without any word from either Plaintiff or any retained counsel or the Volunteer Lawyers Project. The Court then directed Plaintiff to show cause why the case should not be dismissed due to his failure to prosecute. The Court set July 10, 2013 as the deadline for Plaintiff to show such cause. (Doc. #67). Silence ensued and the deadline passed without word from Plaintiff. Eight days later, on July 18, 2013, the Court observed that Plaintiff had failed to contact the Court and no attorney representing him had entered an appearance in the record. The Court therefore dismissed this case. (Doc. #68).

Plaintiff recently filed a Notice of Appeal "from the Order of dismissal in the above captioned case in its entirety entered on 7/18/13 ...." (Doc. #70)(referring to Doc. #68). The case is presently before the Court upon Plaintiff's Motion For Pauper Status (Doc. #69) and the record as a whole.

Plaintiff's motion and accompanying affidavit establish that he lacks the financial wherewithal to pay the required appellate filing fee and otherwise proceed on appeal. His Motion for Pauperis Status is therefore well taken, in part, to the extent he financially qualifies to proceed in forma pauperis on appeal.

Turning to the issues Plaintiff seeks to raise on appeal, his "appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). "If the district court determines that ... the appeal is not taken in good faith, or that the individual is not otherwise entitled to pauper status, the

district court must state its decision in writing, and then immediately notify the parties of its decision." *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *see* 28 U.S.C. §1915(a)(3).

Plaintiff's failure to communicate with this Court from the time of the hearing on his request for appointment of counsel on May 21, 2013 through the date of dismissal on July 18, 2013 involved his failure "to adhere to readily comprehended court deadlines of which he was well aware." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). His silence also deprived the record and the Court of any explanation or justification for his failure to prosecute this action. The Court, moreover, twice provided Plaintiff with notice that he faced dismissal of his case due to his failure to communicate with the Court. (Doc. #s 64, 67). Yet he did not communicate with the Court either *pro se* or through any retained counsel from May 21, 2013 through the date of dismissal on July 18, 2013. Consequently, on the date the Court dismissed this case, Plaintiff's inaction and silence established that he had engaged in a clear pattern of delay. Dismissal was therefore warranted even though the federal courts prefer to resolve claims on their merits. *See Jourdan*, 951 F.2d at 110.

Accordingly, Plaintiff's appeal is not taken in good faith.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Motion for Pauperis Status (Doc. #69) be DENIED and that the Court

certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal is not taken in good faith.


August 23, 2013

                     s/Sharon L. Ovington
                      Sharon L. Ovington
               Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).